IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JEREMY DALE REESE                                                                                       PLAINTIFF

v.                                                  CASE NO.  07-5227

OFFICER REYES;
SHERIFF KEITH FERGUSON;
CAPT.  HUNTER PETRAY;
CORPORAL THOMPSON                                                                               DEFENDANTS

**O R D E R**

Now before the Court is Plaintiff's "Motion to Protective Privacy [sic] 26 (c) of the Rules of Civil Procedure." (Doc. 28). The Court will construe Plaintiff's Motion as a Motion for Protective Order regarding Plaintiff's medical records, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

Defendants propounded discovery to the Plaintiff, part of which was a request for production that included an authorization to disclose health information. Plaintiff refused to sign the authorization, claiming that only his x-rays while in the Benton County Detention Center should be discoverable. On May 6, 2008, Defendants filed a Motion to Compel Plaintiff to execute the medical authorization. (Doc. 25). This Court granted the Motion on May 9, 2008, allowing Plaintiff until and including June 9, 2008 to provide the properly executed authorization. (Doc. 27). Plaintiff then filed his Motion for Protective Order on May 20, 2008. (Doc. 28).

Plaintiff, as the party or person seeking a protective order, bears the burden of making the "good cause" showing that the information being sought falls within the scope of Rule 26(c), and that he will be harmed by its disclosure. *Iowa Beef Processors, Inc. v. Bagley,* 601 F.2d 949, 954

n. 5 (8th Cir.); *see General Dynamics Corp. v. Selb Mfg. Co.,* 481 F.2d 1204, 1212 (8th Cir.1973).

Plaintiff, as the party requesting a protective order, must make a specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one. *Brittain v. Stroh Brewery Co.,* 136 F.R.D. 408, 412 (M.D.N.C.1991); *see also Gulf Oil Co. v. Bernard,* 452 U.S. 89, 102 n. 16 (1981). This requirement "furthers the goal that the Court only grant as narrow a protective order as is necessary under the facts." *Brittain,* 136 F.R.D. at 412.

Federal Rule of Civil Procedure 26(c) authorizes entry of a protective order upon a party or by the person from whom discovery is sought when good cause is shown. " 'Good cause' exists, according to Rule 26(c), when justice requires the protection of 'a party or a person from any annoyance, embarrassment, oppression, or undue burden or expense.' " *United States v. Miracle Recreation Equip. Co.,* 118 F.R.D. 100, 104 (S.D. Iowa 1987). The courts have imposed a balancing test in determining whether good cause has been shown. *See Farnsworth v. Procter & Gamble Co.,* 758 F.2d 1545, 1547 (11th Cir.1985); *Dow Chemical Co. v. Allen,* 672 F.2d 1262, 1277-78 (7th Cir.1982).

In this case, Plaintiff states that his complete medical records have "n[ot]hing to do with this case." To the contrary, Plaintiff has alleged excessive force and denial of medical treatment. Plaintiff has put his physical health at issue in this case, and Defendants are entitled to discover his medical information. Moreover, Plaintiff has not demonstrated how he would be harmed by the disclosure of his medical records to the Defendants. There is no evidence of annoyance, embarrassment, oppression, or undue burden or expense to which the Plaintiff would be subjected.

Accordingly, Plaintiff's Motion for Protective Order (Doc. 28) is hereby **DENIED**. Pursuant

to the previous Order of the Court (Doc. 27), **Plaintiff has until and including June 9, 2008 to provide Defendants with the completed medical authorization**.

    IT IS SO ORDERED this 23rd day of May 2008.

                                        /s/ *J. Marschewski*
                                        HON. JAMES R. MARSCHEWSKI
                                        UNITED STATES MAGISTRATE JUDGE