IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JEREMY DALE REESE                                                              PLAINTIFF

v.                                CASE NO. 07-5227

OFFICER REYES;
SHERIFF KEITH FERGUSON;
CAPT. HUNTER PETRAY;
CORPORAL THOMPSON                                     DEFENDANTS

REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Jeremy Dale Reese (Plaintiff) filed this *pro se* civil rights action under 42 U.S.C. § 1983 on December 11, 2007. (Doc. 1) Defendants filed a Court-ordered Motion for Summary Judgment (Doc. 37), which is now pending before the Court. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), this case is referred to the undersigned by the Honorable Chief Judge Jimm Larry Hendren for the purpose of issuing a report and recommendation on Defendants' Motion for Summary Judgment. Accordingly, the undersigned issues this Report and Recommendation.

**I. Background**

Plaintiff's claims stem from the time he was incarcerated in the Benton County Detention Center. Plaintiff alleges excessive force was used against him by Defendants Officer Reyes and Corporal Thompson , he was denied medical treatment in the form of x-rays after the incident with Officer Reyes, and he was denied access to the courts when he was denied access to the law library. (Docs. 1; 50, ¶ 1).

**II. Discussion**

Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56 (c). The court views the

evidence and the inferences which may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *See Adkison v. G.D. Searle & Co.*, 971 F.2d 132, 134 (8th Cir.1992). The moving party has the burden of showing the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### A. Official Capacity Claims

Plaintiff states he is suing the Defendants in both their official and individual capacities. Plaintiff's official capacity claims are tantamount to suing Benton County. Official-capacity liability under 42 U.S.C. § 1983 occurs only when a constitutional injury is caused by "a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978). Because *Monell* specifically rejected liability based solely on *respondeat superior*, *id.* at 691, "[a] supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity." *White v. Holmes,* 21 F.3d 277, 280 (8th Cir.1994). Rather, official-capacity liability must be based on deliberate indifference or tacit authorization. *Id.*

Policy or custom official-capacity liability is imposed by 42 U.S.C. § 1983 only for "constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels." *Monell,* 436 U.S. at 690-91. The Eighth Circuit has upheld the grant of summary judgment because a plaintiff failed to plead that the defendant "had a policy or custom of false arrests or malicious prosecution." *Sanders v. Sears, Roebuck & Co.*, 984 F.3d 972, 976 (8th Cir. 1993).

Plaintiff has failed to articulate a custom, policy, or procedure of Benton County which led

to the alleged violations of his constitutional rights. When asked to state the custom, policy or procedure of Benton County which was responsible for the constitutional violations, Plaintiff simply restated his claims against the Defendants. Accordingly, Plaintiff has articulated no custom, policy, and/or procedure of Benton County which is responsible for his alleged constitutional wrongs. It is my recommendation that Defendants' Motion for Summary Judgment be granted regarding Plaintiff's official capacity claims.

### B. Individual Capacity Claims

#### 1. Excessive Force

Plaintiff claims excessive force was used against him by Corporal Thompson and Officer Reyes on November 11, 2007. On this date, Thompson and Reyes entered Plaintiff's cell to search for contraband. The officers had been told by another inmate one of the E-pod inmates had a piece of metal hidden inside a sandal. (Docs. 34; 50). Plaintiff was cleaning when the officers entered the pod. (*Id*.) He was told to quit cleaning and return to his cell. (*Id*.) Defendants indicate Plaintiff was walking very slowly back to his cell and had been seen tampering with electrical wiring in one of the dayroom closets. (Doc. 46).

While the officers were checking the dayroom, inmates in cell E-219, including Plaintiff, began yelling and acting in a boisterous manner. (Doc. 50, ¶ 3). Plaintiff was ordered to put his hand on the wall, but claims Deputy Reyes began to aggressively search him for contraband by yanking on his shirt to the extent Plaintiff was choking. (Doc. 50, ¶ 2). Plaintiff then told Defendant Reyes that Reyes was abusing his power as an officer. (Doc. 50, ¶ 2). Defendant Reyes then grabbed Plaintiff's left arm and shoved Plaintiff to the floor. (Doc. 50, ¶ 6). Plaintiff indicates Reyes pulled his arm further back to cause Plaintiff pain. (Doc. 50, ¶ 12). Plaintiff was then struck

on the back of the ribs. (Doc. 50, ¶ 13.) Plaintiff states Defendant Thompson was on his legs. (Doc. 50, ¶ 14). Plaintiff states he followed orders at all times during the incident and never resisted or acted aggressively. (Doc. 50, ¶ 4). Defendants state Plaintiff was resisting, acting aggressively, and refused to comply with orders.

In situations in which excessive force is alleged by a person in custody, the constitutional standard applied may vary depending upon whether the victim is an arrestee, a pretrial detainee, or a convicted inmate of a penal institution. If the victim is an arrestee, the Fourth Amendment's "objective reasonableness" standard controls. *Graham v. Connor,* 490 U.S. 386, 388 (1989). The evaluation of excessive-force claims brought by pre-trial detainees, although grounded in the Fifth and Fourteenth Amendments rather than the Fourth Amendment, also relies on an objective reasonableness standard. *Johnson-El v. Schoemehl,* 878 F.2d 1043, 1048-49 (8th Cir.)

Excessive-force claims brought by prisoners fall under the protections provided by the Eighth Amendment's prohibition of cruel and unusual punishment. *Whitley v. Albers,* 475 U.S. 312, 318-22 (1986). We consider "whether force was applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Id.* at 320-21, *see also Estate of Davis v. Delo,* 115 F.3d 1388, 1394 (8th Cir.1997).

Accepting Plaintiff's facts as true, as is required at the Summary Judgment stage, there appears to be a genuine issue of fact regarding whether the force was applied in good-faith to maintain and restore disciple, or whether the force was malicious. Clearly, there was an altercation between Defendants Reyes, Thompson, and Plaintiff. Defendants state a perineal knee strike was given in accordance with the Center's use of force policy. Plaintiff claims he was struck in the ribs when he was not resting, or acting aggressively, but was instead following orders. Thus, it is my

recommendation Defendants' Motion for Summary Judgment be denied regarding Plaintiff's claims of excessive force against Defendants Reyes and Thompson.

### 2. Medical Care.

Plaintiff claims he was denied medical care when he was examined on November 14, 2007. Plaintiff does not claim he did not receive medical care, rather his claim is there were no x-rays taken and he was only examined with a stethoscope.

Deliberate indifference may be exhibited by prison medical personnel in responding to prisoners' needs or by prison officials in intentionally denying or delaying access to care or interfering with prescribed treatment. *See Meloy v. Bachmeier,* 302 F.3d 845, 849 (8th Cir. 2002). Disagreement with the course of treatment provided to an inmate is not sufficient basis for an Eighth Amendment violation. *Kayser v. Caspari,* 16 F.3d 280, 281 (8th Cir. 1994).

In this case, Plaintiff merely disagrees with the instruments used to examine his injuries. Plaintiff states he did not have a lung problem, but that his ribs were bruised. There is no medical evidence to support Plaintiff's claims. Plaintiff's self-diagnosis of a rib injury alone can not establish he was denied medical care, nor can his disagreement with the way his examination was conducted.

Moreover, Plaintiff has not established how the named Defendants to this case made any medical decisions regarding his treatment. While the Defendants may have been on notice Plaintiff disagreed with his examination, the treatment of Plaintiff appears to have been left to professional opinion of the Detention Center's doctor, a non-party to this case. I recommend Defendants' Motion for Summary Judgment be granted regarding Plaintiff's claims of denial of medical treatment.

2. Access to the Courts.

Plaintiff claims he was denied access to the Courts when he was not allowed to use the law library. Defendants state Plaintiff had access to his public defender at this time. "To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007) (citations omitted). "To prove actual injury, [a prisoner] must 'demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded.'" *Id.* (quoting *Lewis v. Casey,* 518 U.S. 343, 353 (1996)).

While Plaintiff did have a public defender appointed during the time in question, Plaintiff did not have counsel for the case at bar, which is the case Plaintiff was seeking to research. Plaintiff indicates he alerted Defendants that the case he was seeking to research was the case in which he was proceeding *pro se.*

In his response to the Motion for Summary Judgment, Plaintiff indicates he was unable to file a Motion for Defendant Reyes "to pay for his own attorney, since he no longer worked for the Benton County Jail." Plaintiff does not establish how he is prejudiced by Reyes' current representation, or how his proposed motion would be anything other than frivolous. Thus, it is my recommendation that Defendants' Motion for Summary Judgment be granted on the issue of access to the law library.

**III. Conclusion**

For the reasons stated above, it is my recommendation that Defendant's Motion for Summary

Judgment (Doc. 37) be **GRANTED** in part and **DENIED** in part. I recommend Defendants' Motion for Summary Judgment be GRANTED as to the claims of denial of medical care and denial of access to the Court, as well as to all of Plaintiff's official capacity claims. I recommend Defendants' Motion for Summary Judgment be DENIED as to the excessive force claim against Defendant Thompson and Reyes. For those reasons, I additionally recommend this case be dismissed as to all Defendants except for Defendants Thompson and Reyes.

**The parties have ten (10) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **26th day of February 2009.**

                                                    /s/ J. Marschewski
                                                      HON. JAMES MARSCHEWSKI
                                                      UNITED STATES MAGISTRATE JUDGE