IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JEREMY DALE REESE                                    PLAINTIFF

            v.            Civil No. 07-5227

OFFICER REYES;
SHERIFF KEITH FERGUSON;
CAPT. HUNTER PETRAY;
CORPORAL THOMPSON                                    DEFENDANTS

                    O R D E R

     Now on this 10th day of May, 2009, come on for consideration
the following:

     *    **Report And Recommendation Of The Magistrate Judge** (docket
entry #84)("R&R");

     *    plaintiff's **Motion For Objections** (docket entry #85);

     *    plaintiff's **Motion Of Indigent Order From The Judge
Allowing The Plaintiff The Transcript Of The Court Hearing** (docket
entry #86);

     *    plaintiff's **Motion To Objections With Exhibits** (docket
entry #87); and

     *    an untitled document expressing further objections by
plaintiff (docket entry #88).

     1.   The Complaint of plaintiff Jeremy Reese ("Reese") in this
case is that defendants Reyes and Thompson used excessive force
against him while he was incarcerated in the Benton County
Detention Center ("BCDC").

     2.   The Magistrate Judge conducted an evidentiary hearing,
and issued the R&R now under consideration.   He reported that

Thompson was outside Reese's cell when the force said to be excessive was applied, and recommended that the claim against Thompson should be dismissed. There is no objection to this aspect of the R&R, and it will be adopted.

3.    The Magistrate Judge summarized Reese's testimony that at the start of a shakedown, Reyes grabbed his shirt and threw him on the floor of his cell. He landed on his knees, with one arm was behind his back. He was supporting himself with the other arm. Reyes jerked his arm, and then he felt something hit his "kidney area." Reese testified that when Reyes took his arm, "I did not jerk my shoulder, but I did tense up and pulled back toward the wall."

The Magistrate Judge also summarized Reyes' testimony that he told Reese to go to his knees, but Reese "threw his left shoulder at me and almost hit me in the face", whereupon Reyes said he performed an arm-bar take down and -- when Reese resisted giving Reyes his arm -- "performed a peronial [sic] knee strike."

4.    The Magistrate Judge reported that there was no credible evidence of excessive force, in that a straight arm bar take down and peroneal knee strike were a "very minimal use of force where Defendant Reyes simply put the Plaintiff on the floor to secure him." He found it "likely that the arm-bar take down and the knee strike are 'physical holds designed to gain control of an inmate'," and "do not require the inmate to become an attacker" under the BCDC policy. He further reported that Reese offered evidence of

only minimal injury: no bruising noted and only Tylenol prescribed for pain. Finally, he reported that a case of excessive force was not necessarily made out even if BCDC policy was violated, because the use of force stopped when Reese became cooperative.

Based on these findings, the Magistrate Judge recommended that the claim against Reyes also be dismissed.

5. Reese's objections to the R&R fall into two categories:

* that Reyes was terminated for excessive force against another inmate and has other excessive force cases pending against him;

* that it is the policy of BCDC that an inmate is not to be struck unless he becomes an attacker.

The first of these objections is without merit based on the settled rule of evidence that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." **F.R.E. 404(b).**

The second objection is likewise without merit. The "core judicial inquiry" in an excessive force claim is not whether a jailer failed to follow jail policy, but "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." **Hudson v. McMillian,** **503 U.S. 1, 7 (1992).**

The undisputed evidence here -- that Reese was offering some level of resistance (very low, according to Reese; higher,

-3-

according to Reyes) -- cuts against a finding that the force was used maliciously or sadistically, favoring instead a finding that it was applied in a good-faith effort to maintain or restore discipline. This conclusion is reinforced by the fact that the force used was a typical form of control taught to jailers to deal with resistance.

Also factored in to the Court's analysis is that the injury claimed by Reese is slight. While the extent of physical injury is not determinative in an excessive force claim, it is not irrelevant, either. Injury is often indicative of the amount of force, and may also provide insight into whether the force used could plausibly have been thought necessary. **Wilkins v. Gaddy**, **130 S.Ct. 1175, 1178 (2010)**. Reese does not offer evidence of force that was damaging but left no mark. His evidence is of force that caused very little injury.

Given that the force in question was applied in response to provocation and the injury sustained was slight, the Court finds that Reese's objections are without merit, and they will be overruled. That being the case, there is no basis to grant Reese a transcript of the proceedings.

**IT IS THEREFORE ORDERED** that the **Report And Recommendation Of The Magistrate Judge** is **adopted** *in toto*.

**IT IS FURTHER ORDERED** that plaintiff's objections to the R&R are **overruled**.

-4-

**IT IS FURTHER ORDERED** that plaintiff's **Motion Of Indigent Order From The Judge Allowing The Plaintiff The Transcript Of The Court Hearing** (docket entry #86) is **denied.**

**IT IS FURTHER ORDERED** that, for the reasons stated in the **Report And Recommendation Of The Magistrate Judge,** this matter is **dismissed with prejudice.**

IT IS SO ORDERED.

    /s/ Jimm Larry Hendren
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE